Theodore R. Kupferman, J.
This is an action by the wife for divorce, for alimony and child support, counsel fees, and the award of the marital residence.
The parties, Miriam Elkon and Andre Elkon, were married on December 4,1966 in New York City. Prior thereto and since that time, they have been New York State residents. They have resided at 170 East 78th Street, in Manhattan, of which residence exclusive possession is sought by the wife. This is a three-room rent-controlled apartment, the current rental for which is $260 a month. There is one child, a daughter, Nicole Louise, born on April 26,1968.
The parties stopped cohabitation in September, 1967. The wife’s motion for exclusive possession of the marital residence *726 was granted pendente lite by Mr. Justice Harry B. Frank on November 26, 1968. In view of the imminence of trial, the motion by plaintiff for temporary alimony, counsel fees and custody was denied on March 17, 1969, without prejudice to renewal at the trial, by Mr. Justice Thomas 0. Chimera. The trial commenced before me on March 19 and continued for several days.
The parties have agreed that the court should make a determination on the claim for divorce and also fix alimony and child support, reserving all other aspects, including but not limited to counsel fees, visitation privileges and specific requests by the husband for certain personal property in the marital apartment, being a living room rug, music stand and fireplace brass bucket, as well as the request by the wife for the return to her of the engagement ring she had given back to him.
No previous decree of divorce having anywhere been obtained by either of the parties and the period for conciliation proceedings having expired, as required by section 215 of the Domestic Relations Law, the court, after a trial of the issues, finds that allegations of the complaint as to the defendant’s cruel and inhuman treatment of the plaintiff had been proven by a preponderance of the credible evidence.
Accordingly, judgment of divorce is found in favor of the plaintiff.
Custody of the infant issue of the marriage is awarded to the mother on the basis that she will be in a better position to care for the child, and there is no finding made that the father would not be competent to have custody. While the husband originally objected to having the child, he is now clearly interested in the child’s well-being. The question of visitation privileges is reserved.
As to alimony and child support, the husband suggests $7,500 per year. The wife requests $450 per week as fair and reasonable, based on “25% to 33%% of a spouse’s income” as “ within the guidelines laid down by the courts ” and as reasonable, considering the tax consequences to the plaintiff and the tax advantages to the defendant. However, this percentage is applied to a substantially high income figure, to which the defendant takes exception.
Defendant has conceded that he has the financial ability to pay any amount fixed by the court for alimony and child support, based on the preseparation standard of living of the parties. Such standard of living or manner in which accustomed to live, for the period of the marriage, was undoubtedly on a scale less than the recent income of the husband permitted.
*727 The defendant contends that only the “ preseparation standard ” controls. Further, defendant points out that the recent change in section 236 of the Domestic Relations Law requires that the length of time of the marriage and the ability of the wife to be self-supporting are also factors to be taken into account. This recent change, as pointed out by plaintiff, merely codifies what has been judicial practice. (See Recent Amendments to the Domestic Relations Law by Alfred Selter and James P. Dollard, Jr., The Advocate, Bronx County Bar Assn., vol. 16, #2, March-April, 1969, pp. 29, 31.)
During the trial, testimony was permitted over defendant’s objection as to his income and assets. Despite the defendant’s concession that he could meet payments based on the previous standard of living and his contention that this limited the avenue of inquiry, the court proceeded on the basis that while the previous style is the main test, other factors might be taken into account.
As was stated in Borchard v. Borchard (5 A D 2d 472, 477-478 [1st Dept., 1958]): “ In fixing the amount of alimony it has been said that it may not be determined by any mathematical formula. In general it is decided by consideration of several factors (cf. Phillips v. Phillips, 1 A D 2d 393, 398). Usually, however, the balancing of these factors is of greater relevancy when awarding alimony from a modest income. In determining the amount to be paid by a husband of wealth and a substantial income, the other factors become of less importance and the search becomes to a large extent one to determine the standard of living of the parties.” (See, also, Stahl v. Stahl, 16 A D 2d 467, 468, [App. Div., 1st Dept.], and the opinion below in that case by Mr. Justice Harry B. Frank, 221 N. Y. S. 2d 931, 950 [1961].)
The parties were married only a short time (although they knew each other previously) and had already parted at the time their daughter was born. The wife is capable — the problem of caring and rearing the child aside — of earning a normal, moderate living. She had been a department store employee in the merchandising area prior to marriage and during the marriage had held a part-time job. Their joint Federal income tax return for 1967 (filed in 1968) includes the sum of $3,400 of her earnings. They had lived on a moderate scale during marriage, except for summers in the Hamptons and club membership there, together with a summer car rental, and membership in a well-known club in Manhattan. They had part-time cleaning help. He had previously worked for his father in the diamond business and then gone to Loeb, Rhoades *728 & Co. as a registered representative. The 1967 joint Federal income tax return afore-mentioned has total earnings of $48,200 (includes wife’s $3,400), plus income from sales and exchanges of $38,500.
It is the husband’s contention that his capital gains were for future business purposes and to start a “ hedge fund ” and no part of the living standard. His withholding statement' (W2 form) for 1968 shows wages of $48,535 (slightly more than the previous year). While this does not include capital gains, it is contended that in one transaction (Westec) there was a substantial loss. The husband also contends that because of current market conditions, commission income is substantially less.
The wife claims the husband has capital of $1,000,000. He concedes that he has $100,000 ina “ hedge fund ’ ’ and approximately $160,000 to $170,000 of capital invested in the market through his employer. This latter figure is based on the market value during the trial. He also has a life insurance policy in the amount of $100,000, with his brother as beneficiary, for which he pays a premium of $1,200 a year. Further, he owns property in East Hampton.
In view of the ability of the husband to pay, based on his income, a liberal interpretation of the preseparation standard is justified. Accordingly, support for the plaintiff and for the infant child is fixed at the sum of $275 per week. This award presupposes that the wife will receive the marital residence, which is rent-controlled, and accordingly exclusive possession is granted to the wife. Decision is reserved as to whether this award shall be made retroactive to the date of the motion made before Mr. Justice Thomas C. Chimera (Hirschberg v. Hirschberg, 7 A D 2d 869, [2d Dept., 1959]), and also as to the allocation as between alimony and child support. It is clear that the husband has been paying the rent and various other of the living expenses for his wife and child during the pendency of this action. There are, however, several items in dispute and if they can be resolved either by the parties or at any continued hearing before the court, there will be no need for consideration of the retroactivity feature.
Judgment is rendered in favor of the plaintiff in accordance with the foregoing. Submit decree on notice. Such decree will provide for visitation rights by the defendant at times mutually agreeable to the parties. In the event the parties cannot reach agreement thereon or on the disposition of the other items which are reserved, the court will rule thereon after a further hearing.
*729 Counsel fees will be determined by the court after submission of appropriate affidavits and memoranda thereon, and the determination thereof will be added to the decree.
The court retains jurisdiction of the cause and of the parties.